UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANICA ASHBOURNE,

       *Plaintiff*,

   v.

DONNA HANSBERRY, *et al.*,

       *Defendants*.

Civil Action No. 21-1313 (LLA)

**MEMORANDUM OPINION AND ORDER**

In July 2024, this court dismissed Plaintiff Anica Ashbourne's suit alleging violations of federal law in connection with her 2011 termination from the Internal Revenue Service ("IRS") and her 2015 departure from the U.S. Coast Guard. ECF Nos. 41-42. Ms. Ashbourne now moves for the undersigned to recuse herself, ECF No. 46, and she seeks to alter or amend the court's judgment under Federal Rule of Civil Procedure 59(e), ECF No. 43. For the reasons explained below, the court will deny both motions.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Ms. Ashbourne, a Black woman, worked as a Senior Associate for the U.S. Coast Guard from November 2014 to April 2015. ECF No. 38-3 ¶ 1; ECF No. 1, at 2, 5. In July 2014, she answered questions on an Optional Form 306, "Declaration for Federal Employment" ("OF-306"), as well as follow-up questions from a government official, concerning whether she had ever been fired from a job or had ever been delinquent on any federal debt. ECF No. 38-3 ¶¶ 7-8. On the form and in response to follow-up questions, Ms. Ashbourne indicated that she had been terminated by the IRS because she was "falsely accused" of lying about her employment history,

*id.* ¶ 10, and that she was roughly $13,000 in arrears on her mortgage and "was working with the IRS to determine her tax liability," *id.* ¶ 11.

Ms. Ashbourne claims that in April 2015, Thomas Harker, Director of Financial Reporting and Analysis for the U.S. Coast Guard, told Ms. Ashbourne's manager to call her into a conference room. ECF No. 1, at 5. When Ms. Ashbourne entered the room, "she was immediately surrounded by several armed male guards who had their hands on their guns and billy clubs." *Id.* Ms. Ashbourne "was traumatized" and "believ[ed] that she would be clubbed, tackled, or shot in the back." *Id.* at 6. She was then informed that, based on her background investigation and OF-306, she was being removed "due to '[e]mployment [m]isconduct' and '[f]inancial [d]ishonesty.'" *Id.*

Ms. Ashbourne further alleges that in 2011, Treasury employees Donna Hansberry, Donna Prestia, and Thomas Collins "instructed [the Office of Personnel Management] to enter 'issue codes' in [her] personnel records" and "falsely accused her of lying on her resume and about her former employer Tom G. Johnson ([a] white male)." *Id.* "Later, when [the Office of Personnel Management] asked Hansberry, Prestia, and Collins for their evidence, they refused to respond." *Id.*

In May 2021, Ms. Ashbourne filed this suit against the U.S. Treasury Secretary in her official capacity, three Treasury employees—Donna Hansberry, Donna Prestia, and Thomas Collins—in their official and individual capacities, the Secretary of Homeland Security in his official capacity, and Department of Homeland Security ("DHS") employees James Trommatter and Thomas Harker in their official and individual capacities. ECF No. 1.[1] She alleges violations

---

[1] Ms. Ashbourne named former Treasury Secretary Janet L. Yellen and former Homeland Security Secretary Alejandro N. Mayorkas as defendants in their official capacities. Pursuant to Federal Rule of Civil Procedure 25(d), the current Secretaries are "automatically substituted" in as parties.

of 42 U.S.C. §§ 1985-86, the Civil Rights Act of 1866, the Fifth and Thirteenth Amendments, and Title VII of the Civil Rights Act of 1964.  ECF No. 1, at 1, 7-11.  Defendants moved to dismiss or, in the alternative, for summary judgment.  ECF No. 18.  In July 2024, the court granted Defendants' motion to dismiss.  ECF Nos. 41-42.  The following month, Ms. Ashbourne filed a motion to alter or amend the court's judgment under Federal Rule of Civil Procedure 59(e).  ECF No. 43.  That motion is fully briefed.  ECF Nos. 43-44.  In October 2024, Ms. Ashbourne also sought the undersigned's recusal.  ECF No. 46.

## II.   LEGAL STANDARDS

### A.   Recusal

Two federal statutes govern the recusal of judges.  The first, 28 U.S.C. § 144, provides for the recusal of a judge where a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party."  *Id.*  The second, 28 U.S.C. § 455, requires a judge to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  When assessing a recusal motion under Section 455, "courts must ask whether a reasonable and informed observer would question a judge's impartiality."  *SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010).

Regardless of the statute under which a motion for recusal is made, "legal disagreements with [a] district judge's rulings . . . do not afford grounds for a recusal."  *United States v. Williamson*, 903 F.3d 124, 137 (D.C. Cir. 2018).  And "[b]ecause judges are presumed to be impartial, 'the Court must begin its analysis of the allegations supporting . . . a request [for recusal] with a presumption against disqualification.'"  *Bilzerian*, 729 F. Supp. 2d at 22 (quoting *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003)).

3

### B.    Rule 59(e)

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend judgment within twenty-eight days of the entry of judgment. Such a motion is only warranted in "extraordinary circumstances." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015). A party may not use a Rule 59(e) motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). And a Rule 59(e) motion that "repeat[s] unsuccessful arguments," *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 34 (D.D.C. 2013), or is made based on "[m]ere disagreement" with the court's judgment, will not survive scrutiny, *Wannall v. Honeywell Int'l, Inc.*, No. 10-CV-351, 2013 WL 12321549, at *3 (D.D.C. Oct. 24, 2013) (alteration in original) (quoting *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)).

A district court "need not" grant a Rule 59(e) motion "unless [it] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). In assessing "clear error" in the Rule 59(e) context, "courts have required 'a very exacting standard,' . . . such that the 'final judgment must be "dead wrong" to constitute clear error.'" *Wannall*, 2013 WL 12321549, at *3 (first quoting *Bond v. U.S. Dep't of Just.*, 286 F.R.D. 16, 22 (D.D.C. 2012), then quoting *Lardner v. Fed. Bureau of Investigation*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)). Likewise, "manifest justice" is an "exceptionally narrow concept in the context of a Rule 59(e) motion," and it "entail[s] more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Id.*

4

### III.   DISCUSSION

#### A.   Motion for Recusal

The court begins with Ms. Ashbourne's motion for recusal, ECF No. 46, because a finding that the undersigned must recuse would preclude the undersigned from considering her Rule 59(e) motion, ECF No. 43.  Ms. Ashbourne contends that the undersigned's "impartiality is called into question" because the undersigned "resolved and misstated disputed material facts, . . . failed to follow controlling precedent, misapplied legal standards, and overlooked critical evidence[,] . . . result[ing] in manifest errors of law and fact."  ECF No. 46, at 2.  Ms. Ashbourne further argues that the undersigned's "disqualification and recusal are crucial, as her decision effectively endorses the same conduct that Congress declared unlawful and unconstitutional in [the Civil Rights Act of] 1866."  *Id.*

Whether the court considers Ms. Ashbourne's recusal motion under Section 144 or Section 455, it is clear that "legal disagreements with [a] district judge's rulings . . . do not afford grounds for a recusal."  *Williamson*, 903 F.3d at 137.  Ms. Ashbourne first contends that the undersigned ought to recuse herself because she "incorrectly ruled [on Ms. Ashbourne's] 42 U.S.C. §§ 1985 and 1986 claims."  ECF No. 46 at 7; *see id*. at 7-9.  But Ms. Ashbourne's view that the court "incorrectly ruled" on her claims, *id*. at 7, is merely a "legal disagreement[]," which is not a proper basis for recusal, *Williamson*, 903 F.3d at 137.

Ms. Ashbourne further argues that recusal is appropriate because the undersigned "did not rule on [Ms. Ashbourne's] [f]raud on the [c]ourt motion," ECF No. 46, at 5-7, and "did not address [Ms. Ashbourne's] claims of retaliation or third-party interference, [and] instead introduc[ed] claims that [Ms. Ashbourne] did not make," *id.* at 9-10.  To the contrary, the court addressed at length both Ms. Ashbourne's theory of fraud on the court, ECF No. 41, at 9-12, and her claims of retaliation and third-party interference, *id.* at 13-15.  But even if the court had not, such an omission

would not cause "a reasonable and informed observer . . . [to] question [the] judge's impartiality," *Bilzerian*, 729 F. Supp. 2d at 22, and therefore is not a legitimate basis for a recusal motion. And to the extent that Ms. Ashbourne merely disagrees with the court's decision regarding these claims, that is also not a basis for recusal. *Williamson*, 903 F.3d at 137

Additionally, as for Ms. Ashbourne's motion under Section 144, Ms. Ashbourne has not complied with that statute's procedural requirement that she file an affidavit substantiating her allegations. *See* 28 U.S.C. § 144. Thus, even if Ms. Ashbourne's motion for recusal were not improperly based solely on "legal disagreements," the court could not consider it under Section 144. The court therefore concludes that there is no basis for recusal and, accordingly, it turns to Ms. Ashbourne's motion to alter or amend the judgment. ECF No. 43.

### B. Motion to Alter or Amend the Judgment

As explained, it is appropriate for a district court to grant a Rule 59(e) motion where it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina*, 439 F.3d at 758 (quoting *Firestone*, 76 F.3d at 1208). Ms. Ashbourne argues that in arriving at its decision to grant Defendants' motion to dismiss, ECF No. 41, the court "failed to follow controlling precedent, misapplied legal standards, and overlooked critical evidence [that she] presented." ECF No. 43, at 1. In Ms. Ashbourne's view, in rendering its judgment, the court "sanctioned the same type of arbitrary and unfounded conduct that Congress declared unlawful in [the Civil Rights Act of] 1866." *Id.* at 2. She thus contends that the court's judgment should be altered or amended under Rule 59(e) on the grounds of "clear error" and "manifest injustice." *See id.* at 2-13. The court considers each argument in turn.

1. Clear error

In the Rule 59(e) context, "courts have required . . . that the 'final judgment must be "dead wrong" to constitute clear error.'" *Wannall*, 2013 WL 12321549, at *3 (quoting *Lardner*, 875 F. Supp. 2d at 53). "[M]ere disagreement" with a court's judgment "does not support a Rule 59(e) motion." *Id.* (quoting *United States ex rel. Becker*, 305 F.3d at 290). Ms. Ashbourne fails to identify a "clear error" that the court must correct.

Ms. Ashbourne posits that the court clearly erred because it did not "follow controlling precedent," ECF No. 43, at 3; *see id.* 3-9, 11-13, and failed to "correctly follow the principles of the Civil Rights Act of 1866," *id.* at 10; *see id.* at 9-10. But in attempting to substantiate these claims, Ms. Ashbourne neither makes new arguments nor points the court to any information to suggest that its ruling on Defendants' motion to dismiss was "dead wrong." *Wannall*, 2013 WL 12321549, at *3 (quoting *Lardner*, 875 F. Supp. 2d at 53). Rather, Ms. Ashbourne repackages her arguments in opposition to Defendants' motion to dismiss and contends that the court was wrong to weigh the law and facts differently than she does. In other words, her argument is based on "[m]ere disagreement" with the court's ruling, which is not a basis to grant Rule 59(e) relief. *Id.* (alteration in original) (quoting *United States ex rel. Becker*, 305 F.3d at 290).

For example, Ms. Ashbourne criticizes the court's reliance on *Klayman v. Judicial Watch, Inc.*, No. 19-CV-2604, 2021 WL 602900 (D.D.C. Feb. 16, 2021), *aff'd*, 851 F. App'x 222 (D.C. Cir. 2021), in assessing her claim of fraud on the court. ECF No. 43, at 4. She argues that "[b]y relying on *Klayman*, the Court erroneously concluded that it did not have the authority to void judgments made by other federal courts," and she contends that the court should have instead followed *Hazel-Atlas Co. v. Hartford Co.*, 322 U.S. 238 (1944), which she characterizes as permitting district courts to "revisit prior decisions of its own or of a coordinate court . . . in extraordinary circumstances." ECF No. 43, at 3-4 (emphasis omitted). However, a court is not

7

obligated to cite only to a plaintiff's preferred cases, and Ms. Ashbourne's conclusory assertion that the court did not consider appropriate precedent is a "[m]ere disagreement" that is not sufficient to establish clear error. *Wannall*, 2013 WL 12321549, at *3 (alteration in original) (quoting *United States ex rel. Becker*, 305 F.3d at 290). Moreover, the court's thorough discussion of Ms. Ashbourne's theory of fraud on the court, *see* ECF No. 41, at 10-12, demonstrates that the court considered the claim, determined how it was best construed, *id.* at 10 n.3, and decided in light of relevant law that Ms. Ashbourne's "disagree[ment] with the legal arguments the government made in *Ashbourne I* and *Ashbourne II* . . . is not evidence of fraud on the court," *id.* at 12. Ms. Ashbourne's present attempt to "repeat unsuccessful arguments," *Slate*, 12 F. Supp. 3d at 34, does not offer any convincing reason that the court's previous judgment was "dead wrong," *Wannall*, 2013 WL 12321549, at *3 (quoting *Lardner*, 875 F. Supp. 2d at 53).

Ms. Ashbourne also contends that in assessing her allegations of a civil rights conspiracy, "the Court applied the incorrect legal standard by requiring Plaintiff to show an 'actual agreement' or 'meeting of the minds' rather than a unity of purpose" between the alleged co-conspirators. ECF No. 43, at 8 (emphasis omitted). However, the court plainly considered the "unity of purpose" standard in its opinion and found that Ms. Ashbourne could not sustain a theory of conspiracy whether the court applied the "unity of purpose" or the "meeting of the minds" standard. *See* ECF No. 41, at 14. Again, Ms. Ashbourne's "[m]ere disagreement," *Wannall*, 2013 WL 12321549, at *3 (alteration in original) (quoting *United States ex rel. Becker*, 305 F.3d at 290), with the court's application of relevant law does not establish that the court's ruling was clearly erroneous.[2]

---

[2] Ms. Ashbourne similarly complains that the court's finding "that [she] had failed to exhaust her failure-to-investigate EEOC claim[] [was] an erroneous conclusion that overlook[ed] the facts." ECF No. 43, at 9. But the court did not find that she had failed to exhaust. ECF No. 41, at 18. Instead, it found that, "[e]ven assuming that Ms. Ashbourne [had] exhausted [her] claim," the claim failed on the merits. *Id.*

In a similar vein, Ms. Ashbourne argues that the court failed to follow precedent when it "erroneously held that her allegations of the Civil Rights Act of 1866 and the Fifth Amendment violations were simply employment discrimination claims governed by Title VII," ECF No. 43, at 12, and she cites the cases she believes the court should have considered in its analysis, *id.* at 11-13 (citing *Ethnic Emps. of Libr. of Cong. v. Boorstin*, 751 F.2d 1405, 1415-16 (D.C. Cir. 1985), and *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976)). As already discussed, a court does not clearly err by declining to cite every authority on which a plaintiff relies. Moreover, the court did rely on *Brown* in holding that "Title VII 'provides the exclusive judicial remedy for claims of discrimination in federal employment,'" ECF No. 41, at 17 (quoting *Brown*, 425 U.S. at 835), which "precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation," *id.* (quoting *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983)). Accordingly, it is difficult to see how the court's decision could be considered "dead wrong." *Wannall*, 2013 WL 12321549, at *3 (quoting *Lardner*, 875 F. Supp. 2d at 53).

Finally, Ms. Ashbourne broadly argues that the court was only able to grant Defendants' motion to dismiss because it fundamentally misunderstood the protections afforded by the Civil Rights Act of 1866. *See* ECF No. 43, at 9. Yet again, Ms. Ashbourne offers nothing more than a conclusory statement that the court erred, with no new explanation of why she believes that to be so. And, once more, Ms. Ashbourne's "[m]ere disagreement," *Wannall*, 2013 WL 12321549, at *3 (alteration in original) (quoting *United States ex rel. Becker*, 305 F.3d at 290), with the court's holding does not demonstrate that the court was "dead wrong," *id.* (quoting *Lardner*, 875 F. Supp. 2d at 53).

2.   Manifest injustice

Ms. Ashbourne also posits that the court's "failure to correctly follow the principles of the Civil Rights Act of 1866 results in a manifest injustice" because "[t]he Act was specifically

9

designed to prevent the kind of racial violence and deprivation of rights that [Ms. Ashbourne] alleges she suffered." ECF No. 43, at 10. As explained, "manifest justice" is an "exceptionally narrow concept in the context of a Rule 59(e) motion," and it "entail[s] more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Wannall*, 2013 WL 12321549, at *3. Ms. Ashbourne fails to make this showing.

Most of Ms. Ashbourne's argument boils down to an assertion that, because the court disagrees with her interpretation of the protections afforded by the Civil Rights Act of 1866, it has committed a manifest injustice. *See* ECF No. 43, at 10. Were that the standard, every losing party would be entitled to relief under Rule 59(e). But, again, a party's "[m]ere disagreement" with the court's ruling is not enough to demonstrate that a manifest injustice has occurred. *Wannall*, 2013 WL 12321549, at *3 (alteration in original) (quoting *United States ex rel. Becker*, 305 F.3d at 290). Ms. Ashbourne's disagreement with the court's determination does not make it "fundamentally unfair in light of governing law" and thus cannot be a proper basis for a Rule 59(e) motion based on manifest injustice. *Wannall*, 2013 WL 12321549, at *3.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Ms. Ashbourne's Motion for Recusal, ECF No. 46, and Motion to Alter or Amend Judgment, ECF No. 43, are **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 19, 2025